UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LINDA PELLECHIA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:11-cv-00183-WWE |
| | : | |
| ESTATE OF JAMES J. DIMARTINO, ESQ., | : | |
| AMERICAN GUARANTEE & LIABILITY | : | |
| INS. CO., | : | |
|     Defendants. | : | |

### MEMORANDUM OF DECISION ON DEFENDANT AMERICAN GUARANTEE & LIABILITY INS. CO.'S MOTION TO DISMISS

Plaintiff Linda Pellechia brought this action against defendants Estate of James DiMartino ("DiMartino") and American Guarantee & Liability Ins. Co. ("AGL") for breach of contract, breach of fiduciary duty, fraud, and professional malpractice involving a failed real estate closing.

Defendant AGL has moved to dismiss Count Two of plaintiff's amended complaint for failure to state a claim.

For the following reasons, defendant's motion to dismiss will be granted.

### BACKGROUND

For purposes of ruling on this motion to dismiss, the Court accepts the allegations of the complaint as true and draws all inferences in favor of plaintiff.

Plaintiff retained James DiMartino as her attorney for the purchase of a property at 44 Seymore Lane, Medford, New York.  Martino continued to represent plaintiff when she relisted the Medford house for sale.

On May 31, 2005, plaintiff entered into a contract with a buyer.  The buyer gave a

$13,750.00 deposit to DiMartino. The closing was scheduled for December of 2005. Prior to the closing, problems with Dimartino's representation began to surface. The buyer's attorney told plaintiff to have Dimartino contact them regarding survey information and subdivision permitting. Dimartino stated that he could not respond to every call but that he would take care of it.

The real estate agent asked plaintiff to remove the tenants from the house for the upcoming closing. DiMartino did not advise against having the tenants move out. Subsequently, plaintiff learned that no permits had been filed. The buyers exercised their extension to postpone the closing date until June, 2006. This posed a hardship for plaintiff because she was no longer receiving rental income.

In March 2006, plaintiff was asked to go to the buyer's office to sign some papers. Plaintiff brought the papers to DiMartino for review. DiMartino advised plaintiff not to sign the documents because they were backdated. At that time, Dimartino also advised plaintiff to secure a backup buyer. DiMartino suggested a backup buyer, but advised plaintiff that he could not represent her with that transaction. Plaintiff procured the backup buyer with the condition that both parties would wait to see if the earlier deal closed in June.

DiMartino then asked plaintiff to give the original buyer six more months to close because the original buyer was threatening litigation. Plaintiff went back to the town clerk and learned that permits were still at least one year out. DiMartino then advised plaintiff to cancel the contract with the original buyer and return the deposit.

In July 2006, the original buyer put a lis pendens on the property. DiMartino told plaintiff he could not represent her with respect to the lis pendens. Plaintiff later received a copy

of her file from DiMartino's secretary and discovered that DiMartino had withheld knowledge of the filing of the lis pendens.

In early 2007, the backup buyer cancelled the deal. Over the course of this dispute, the property was vacant and then vandalized. Eventually, the property was condemned. The bank is seeking to foreclose, and plaintiff has attempted multiple unsuccessful short sales. DiMartino was still holding the deposit monies, waiting for the outcome of the State Supreme Court.

In November 2008, DiMartino was murdered.

Plaintiff has alleged that Dimartino failed to adequately protect and represent her interests. Further, plaintiff has alleged that AGL was under contract to insure and indemnify any acts of professional misconduct by DiMartino. Count Two aims to hold AGL "liable to plaintiff for indemnity and contribution for damages sustained by plaintiff as a result of the actions of DiMartino."

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff's complaint is governed by Connecticut General Statutes §38a-312, "Liability of insurer under liability policy."

Section 38a-321 provides:

> Each insurance company which issues a policy to any person, firm or corporation, insuring against loss or damage on account of the bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a loss occurs under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured after the assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment.

Plaintiff argues that the intention of Connecticut's direct action statute is to give injured parties the same rights under the insurance policy as the insured. Brown v. Employer's Reinsurance Corp., 206 Conn. 668, 672 (1988). "Thus, the statute protects those injured by judgment proof insureds, by subrogating the injured party . . . to the rights of the assured against the insurer." Id.

Defendant contends that in order for a party to become subrogated to the rights of an insured and to have a direct right of action against the insurer, that party must have obtained a

judgment against the insured and the judgment must have remained unsatisfied for thirty days.

Indeed, both the statute and the Connecticut Supreme Court have provided that subrogation occurs only "when a final judgment is rendered against the assured for loss or damage covered by the policy and the judgment remains unsatisfied for more than thirty days, . . . ." Id.  Plaintiff has not set forth the three requisites of a cause of action under Section 38a-321: (1) that the plaintiff has recovered a final judgment; (2) that the judgment is against a person who was insured by the defendant against liability on it; and (3) that the judgment has remained unsatisfied for thirty days.  Tucker v. American Intern. Group, Inc., 745 F. Supp. 2d 53, 59 (D. Conn. 2010).  Therefore, defendant's motion to dismiss will be granted.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED without prejudice.  Plaintiff may file an amended complaint consistent with this ruling within fifteen days of this ruling's filing date.

Dated this 7th day of September, 2012 at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE