UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA PELLECHIA, : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:11-CV-00183-WWE |
| : | |
| ESTATE OF JAMES J. DIMARTINO, ESQ.; : | |
| STEVEN ROSENBERG, ESQ.; AMERICAN : | |
| GUARANTEE & LIABILITY INS. CO.; : | |
| NEIL H. ACKERMAN, ESQ; UNITED : | |
| STATES BANKRUPTCY COURT, E.D.N.Y.; : | |
| BARTON, BARTON & PLOTKIN, LLP; : | |
| DIANE DIMARTINO AS ADMINISTRATOR : | |
| OF THE ESTATE OF JAMES J. : | |
| DIMARTINO; THE WIDOWER AND HEIRS : | |
| OF JAMES J. DIMARTINO, : | |
|     Defendants. : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff amended her complaint to drop all claims against all defendants other than the Estate of James J. DiMartino and Guarantee & Liability Insurance Company ("AGL"). The claims against AGL were subsequently dismissed. Finally, plaintiff added Diane DiMartino as Administrator of the Estate of James J. DiMartino and the Widower and Heirs of James J. DiMartino as party defendants. These remaining defendants have now moved to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).

For the following reasons, the Court will dismiss the complaint *sua sponte* for failure to state a claim because the facts supporting a statute of limitations defense are set forth in the papers plaintiff herself submitted.

**BACKGROUND**

For purposes of this ruling, the Court accepts the allegations of the complaint as true and draws all inferences in favor of plaintiff.

Plaintiff retained James DiMartino as her attorney for the purchase of a property at 44 Seymore Lane, Medford, New York.  DiMartino continued to represent plaintiff when she relisted the Medford house for sale.

On May 31, 2005, plaintiff entered into a contract with a buyer.  The buyer gave a $13,750.00 deposit to DiMartino.  The closing was scheduled for December of 2005.  Prior to the closing, problems with DiMartino's representation began to surface.  The buyer's attorney told plaintiff to have DiMartino contact them regarding survey information and subdivision permitting.  DiMartino stated that he could not respond to every call but that he would take care of it.

The real estate agent asked plaintiff to remove the tenants from the house for the upcoming closing.  DiMartino did not advise against having the tenants move out.  Subsequently, plaintiff learned that no permits had been filed.  The buyers exercised their extension to postpone the closing date until June 2006.  This posed a hardship for plaintiff because she was no longer receiving rental income.

In March 2006, plaintiff was asked to go to the buyer's office to sign some papers.  Plaintiff brought the papers to DiMartino for review.  DiMartino advised plaintiff not to sign the documents because they were backdated.  At that time, Dimartino also advised plaintiff to secure a backup buyer.  DiMartino suggested a backup buyer but advised plaintiff that he could not represent her with that transaction.  Plaintiff procured the backup buyer with the condition that both parties would wait to see if the earlier deal, with the original buyer, closed in June.

DiMartino then asked plaintiff to give the original buyer six more months to close because the original buyer was threatening litigation.  Plaintiff went back to the town clerk and

learned that permits were still at least one year out.  DiMartino then advised plaintiff to cancel the contract with the original buyer and return the deposit.

In July 2006, the original buyer put a lis pendens on the property.  DiMartino told plaintiff he could not represent her with respect to the lis pendens.  Plaintiff later received a copy of her file from DiMartino's secretary and discovered that DiMartino had withheld knowledge of the filing of the lis pendens.

In early 2007, the backup buyer cancelled the deal.  Over the course of this dispute, the property was vacant and then vandalized.  Eventually the property was condemned.  The bank is seeking to foreclose, and plaintiff has attempted multiple unsuccessful short sales.

In November 2008, DiMartino was murdered.

Plaintiff has alleged that DiMartino failed to adequately protect and represent her interests.  As DiMartino is deceased, plaintiff brought this action against his widower and heirs, his estate and its administrator.  The defendants have now moved to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2).  The Court will not reach the merits of defendants' motion as the face of the amended complaint reveals that the relevant statute of limitations bars plaintiff's claims.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73

(1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### Statute of Limitations

The district court has the power to dismiss a complaint *sua sponte* for failure to state a claim where "the facts supporting the statute of limitations defense are set forth in the papers plaintiff [herself] submitted." Leonhard v. U.S., 633 F.2d 599, 609 n.11 (2d Cir. 1980). Here, although not addressed by the parties, plaintiff's complaint appears to be barred by the applicable statute of limitations, Conn. Gen. Stat. § 45a-375.

Section 45a-375 provides in relevant part:

> (c) Except as provided in subsections (b) and (d) of this section, no claim may be presented and no suit on such claim may be commenced against the fiduciary, the estate of the decedent, or any creditor or beneficiary of such estate but within (1) two years from the date of the decedent's death or (2) the date upon which the statute of limitations applicable to such claim, including any period of limitation established pursuant to section 45a-357, would otherwise have expired, whichever shall first occur.

The amended complaint states that DiMartino was murdered in November 2008, yet the original complaint was not filed until February 3, 2011, more than two years from the date of the decedent's death. Therefore, the claims against the fiduciary, the estate, and the beneficiaries are time-barred. As such, the Court need not reach the merits of defendants' personal jurisdiction motion.

## CONCLUSION

For the foregoing reasons, plaintiff's remaining claims are DISMISSED, and defendants' motion to dismiss [Doc. #50] is rendered MOOT.  As the parties did not brief the Court on the statute of limitations issue, motion for reconsideration is welcomed.  Absent such motion, the case will be closed.


Dated this 4th day of February, 2013, at Bridgeport, Connecticut.


                                              /s/
                                     WARREN W. EGINTON
                                     SENIOR UNITED STATES DISTRICT JUDGE